UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., Four Limited Parkway Reynoldsburg, Ohio 43068, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No.:  16-712 |
| REDBUBBLE, INC., 633 Howard St. San Francisco, CA 94105 | : : : : | Judge: |
| and | : : | Jury Trial Demanded |
| JOHN DOES 1 THROUGH 12, INCLUSIVE | : : | |
| Defendants. | : : : | |

---

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, UNFAIR COMPETITION, DILUTION AND VIOLATION OF STATE STATUTE AND COMMON LAW

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC. ("Victoria's Secret or "Plaintiff") by and through its attorneys, brings this action for federal trademark infringement, counterfeiting, unfair competition and dilution, and violations of Ohio state law, and alleges against REDBUBBLE, INC. ("Redbubble") and John Does 1-12 as follows:

### NATURE OF THE ACTION

1.      Victoria's Secret, a subsidiary of L Brands, Inc., is an acknowledged innovator and category leader in the women's apparel industry.  By this action for trademark infringement and related causes, Plaintiff seeks an injunction, damages, and other relief as a result of

Redbubble's promotion, manufacturing, sale and distribution of women's apparel and other products using knockoffs and/or counterfeits of Plaintiff's well-known trademarks, including "VICTORIA'S SECRET," "VS," and "PINK." Through the operation of its online "print-on-demand" service, www.redbubble.com, Redbubble has intentionally infringed Plaintiff's rights in a concerted, ongoing attempt to hijack the substantial brand awareness and goodwill associated with Plaintiff's products and trademarks, and to deceive and cause confusion among the buying public, all to Plaintiff's great and irreparable harm.

## THE PARTIES

2.      Plaintiff Victoria's Secret is a Delaware corporation with its principal offices at Four Limited Parkway, Reynoldsburg, Ohio 43068, and is qualified to do business and is doing business in the State of Ohio and in this judicial district.

3.      On information and belief, Defendant Redbubble, Inc. is a Delaware corporation having its headquarters at 633 Howard Street, San Francisco, California 94105, and is transacting business in the State of Ohio and in this judicial district.

4.      On information and belief, John Does 1-12 are individuals and/or business entities whose identities are not known to Victoria's Secret at this time, and therefore Victoria's Secret sues these Defendants by such fictitious names. Victoria's Secret will amend this Complaint to state the true names and capacities of these Defendants as they become known. Victoria's Secret is informed and believes that Defendants John Does 1-12 are entities that Redbubble has contracted to perform certain fulfillment functions (including printing, manufacturing and shipping) with respect to products bearing Victoria's Secret's trademarks.

## JURISDICTION AND VENUE

5.      Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Count II is

for vicarious or contributory infringement against Redbubble under Federal court precedent. Count III is for trademark counterfeiting under 15 U. S.C. § 1116(d)(1)(B).  Count IV is for unfair competition and infringement of unregistered trademarks in violation of 15 U.S.C. § 1125(a).  Count V is for trademark dilution in violation of 15 U.S.C. § 1125(c).  Count VI is for deceptive trade practices in violation of Ohio Rev. Code § 4165.01 *et seq.*  Count VII arises under Ohio common law prohibiting trademark infringement, dilution and unfair competition.

6.      This Court has original jurisdiction over the subject matter of this action based on 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1338(a)-(b), as federal questions are presented.  This Court has jurisdiction over the state law claims asserted in Counts VI and VII herein under 28 U.S.C. § 1367 and § 1338(b).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and this Court has personal jurisdiction over Redbubble and John Does 1-12 because they conduct business within this district, the acts giving rise to the asserted claims are being committed within this district, and Plaintiff is suffering harm in this district.

## FACTS

**Plaintiff Victoria's Secret, Its Business and Trademarks**

8.      Plaintiff Victoria's Secret owns the famous "VICTORIA'S SECRET" trademark, used in connection with women's apparel, including intimate apparel, beauty products, and a wide variety of other products and services.  Victoria's Secret owns and operates over 1,000 VICTORIA'S SECRET retail stores throughout the United States, including within this judicial district. Victoria's Secret also distributes the well-known VICTORIA'S SECRET Catalogue, operates the highly successful website, www.victoriassecret.com, and produces the acclaimed Victoria's Secret Fashion Show, a televised event featuring the "Victoria's Secret Angel" supermodels, that has become an annual highlight of the fashion industry.

3

9.    Plaintiff has used "VICTORIA'S SECRET," , and various formatives

(including the acronym "VS," the distinctive VS logo , and "VICTORIA'S SECRET

ANGELS") as trademarks (the "VICTORIA'S SECRET Marks") since as early as 1977, in

connection with women's apparel and a variety of other products and services.

10.    Plaintiff has used "VICTORIA'S SECRET PINK" as a trademark since as early

as 2001, in connection with women's apparel and a variety of other products and services.  Over

the years, Plaintiff has actively used and promoted a growing family of trademarks comprised of

or containing the word "PINK" (the "PINK Marks").

11.    Among Plaintiff's PINK-branded products are those bearing the trademark PINK

itself, the PINK mark rendered in "Collegiate Style" lettering  and basic all capitals

with pink lettering  and , and trademark phrases and logos such as

"VICTORIA'S SECRET PINK," "LOVE PINK," "PINK NATION," , ,

, , and . Plaintiff's products bearing these marks

include intimate apparel such as bras and panties, casual apparel such as t-shirts, sweat pants,

leggings and hoodies, swimwear, beauty and personal care products, and a wide variety of

fashion accessories and gift items such as bags, cell phone cases and water bottles, among many

others.

12.      Plaintiff's products bearing the PINK Marks are sold through Plaintiff's website and catalogs, in VICTORIA'S SECRET retail stores, including dedicated "PINK" store sections, and in dozens of standalone "PINK" retail stores.

13.      Plaintiff has extensively promoted products bearing the PINK Marks in traditional and social media, including on Facebook (where the brand has over 13.9 million "likes"), Twitter, Pinterest, Instagram and YouTube.  Moreover, for many years popular, national publications such as *Seventeen*, *People* and *Cosmopolitan* have featured PINK-branded products in fashion editorials, and the PINK brand has been covered in mainstream news and business publications including *The New York Times*, *Newsday*, *The Boston Herald*, *The Chicago Sun-Times* and *The Columbus Dispatch*, among many others.

14.      Plaintiff's website has a dedicated "PINK" section, which promotes "PINK NATION," an online community whose members have access to special offers and events. Customers may also join PINK NATION by downloading iPad and phone "apps," gaining access to additional branded experiences, activities, interactions and e-commerce opportunities.  PINK NATION has over 12.8 million registered members and is growing daily.

15.      Plaintiff actively promotes its PINK Marks on college campuses throughout the country, with the assistance of more than 100 campus representatives, and by organizing promotional events featuring high profile musical acts and other celebrities.

16.      Plaintiff maintains a strong commitment to offering only the highest quality products, and closely controls the development, sourcing and production of all products bearing the VICTORIA'S SECRET Marks and PINK Marks.

17.      Plaintiff also closely controls the distribution and sale of its products, which are

offered *exclusively* through channels of trade owned by Plaintiff—the aforesaid website, catalogs and network of VICTORIA'S SECRET and PINK retail locations nationwide. Plaintiff's products are not available through any third party website, catalog or retail location.

18.     As a result of Plaintiff's promotional efforts, and its commitment to quality, the VICTORIA'S SECRET Marks and PINK Marks have become highly successful and exceedingly well known. In December 2012, the fashion trade journal *Women's Wear Daily* ranked VICTORIA'S SECRET as the # 1 most recognized fashion brand in the country, based on a survey of women aged 13 to 64. In the same survey, Plaintiff's PINK brand was ranked among the Top 100 most recognized fashion brands in the U.S., at # 94.

19.     In 2015, Plaintiff's annual revenues under its VICTORIA'S SECRET and PINK Marks exceeded $7.5 billion.

20.     Examples of Plaintiff's products bearing the VICTORIA'S SECRET Marks and PINK Marks as offered on Plaintiff's website are attached as **Exhibit A** hereto.

21.     Plaintiff owns numerous U.S. trademark registrations and applications for the VICTORIA'S SECRET Marks and PINK Marks, including those listed in **Exhibit B** hereto.

**Defendant Redbubble and Its Infringing Acts**

22.     Through its website, www.redbubble.com, Defendant Redbubble operates an online print-on-demand service through which customers purchase a wide variety of products imprinted with graphic designs offered on Redbubble's site.

23.     Users upload images to Redbubble's website, which then displays products that can be imprinted with uploaded designs. Customers can then purchase items bearing the uploaded designs through Redbubble's site.

24.      Among the products offered on Redbubble's website are those that compete

directly with Plaintiff, including women's casual apparel including t-shirts, leggings and hoodies, and a wide variety of fashion accessories and gift items such as bags and cell phone cases, among others.

25. Among the designs offered on Redbubble's website are those that are comprised of or contain Plaintiff's VICTORIA'S SECRET Marks or PINK Marks, or designations that are confusingly similar thereto (the "Infringing Designs").

26. When a visitor to Redbubble's website selects an Infringing Design and the desired product, Redbubble processes the transaction and fulfills the order by causing the Infringing Design to be imprinted onto a product "blank" (creating an "Infringing Product"), and shipped to the customer.

27. On information and belief, Redbubble controls all the financial aspects of the sales occurring on its website. Portions of the sales proceeds are kept by Redbubble, and portions of the sales proceeds are directed to users who upload designs, and to John Does 1-12, as compensation for their assistance in manufacturing and shipping products, including Infringing Products.

28. On information and belief, all products purchased through Redbubble's website are manufactured and shipped to customers by, through, or on instructions from Redbubble.

29. Examples of the Infringing Designs offered on Redbubble's website are attached as **Exhibit C** hereto, and examples of Infringing Designs purchased from Redbubble's website at various points in time are attached as **Exhibit D** hereto. Some of the Infringing Designs in Exhibits C and D are pictured below:











30.     On information and belief, Redbubble has promoted, sold, and caused the imprinting and shipping of Infringing Products bearing the Infringing Designs shown in **Exhibits C and D**.

31.     On information and belief, Redbubble has promoted, sold, and caused the imprinting and shipping of Infringing Products bearing Infringing Designs in addition to those shown in **Exhibits C and D**.

32.     Redbubble competes unfairly with and violates Plaintiff's rights in various ways in addition to promoting, selling, and causing the imprinting and shipping of Infringing Products, including as detailed below.

33.     Redbubble has programmed a "search" function into its website that is activated when a customer inputs search terms to identify designs for imprinting and purchase.  On information and belief, Redbubble has programmed its website to match the searched terms to the descriptions of available designs on the site, in order to generate optimal search results and maximize sales.

34.     Redbubble has programmed its website to recognize and process Plaintiff's VICTORIA'S SECRET Marks and PINK Marks as search terms as described in the preceding paragraph.

35.     In addition, Redbubble has programmed its website to use search terms to identify and recommend so-called "related searches" for users to explore.  For example, when users input "Victoria's Secret" as a search term, Redbubble's website suggests various related searches, including "Victorias Secret" (without apostrophe) and Plaintiff's "PINK" trademark.  On information and belief, Redbubble programmed its website to recommend "related searches" in order to generate optimal search results and maximize sales.

36.     Some of the designs promoted in the search results, and the "related searches," for Plaintiff's VICTORIA'S SECRET Marks and PINK Marks are Infringing Designs.

37.     Some of the Infringing Designs and Products are lewd and offensive, and cast Plaintiff and its Marks in a bad light.  For example, one design features the intertwined "VS" mark above the phrase "VICTORIA'S SH*T."  On information and belief, Redbubble has promoted and sold products bearing this design, which is attached as **Exhibit E1** hereto.

Similarly, another design features a picture of a child working on a machine above the phrase: "VICTORIA'S SECRET (FAIR TRADE ~ CHILD LABOR)," inferring Plaintiff uses child labor to make its products. On information and belief, Redbubble has promoted and sold products bearing this design, which is attached as **Exhibit E2** hereto.

38.     Redbubble has no connection or affiliation with Plaintiff and is not authorized to use Plaintiff's VICTORIA'S SECRET Marks or PINK Marks.

39.     Plaintiff sent a cease and desist letter to Redbubble dated May 11, 2016. Redbubble has continued to promote, sell, manufacture and/or distribute infringing and counterfeit products after receiving that letter.

## Defendants John Does 1-12 and Their Acts

40.     On information and belief, Defendants John Does 1-12 are entities that Redbubble has contracted to perform certain fulfillment functions (including printing, manufacturing and shipping) with respect to products sold through Redbubble's website.

41.     On information and belief, John Does 1-12 carry out instructions from Redbubble to imprint particular designs onto particular products, and to ship finished products to customers.

42.     On information and belief, John Does 1-12 receive payment from Redbubble for their services.

43.     On information and belief, John Does 1-12 have performed some or all of the above-described acts and functions with respect to Infringing Products.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114

44.     Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 43 inclusive.

11

45.     Defendants' acts complained of herein in regard to the Infringing Products infringe one or more of the Plaintiff's registered trademarks identified herein, as they are likely to lead the relevant trade and public to associate Redbubble, and/or the products offered or sold on Redbubble's website, with Plaintiff's business, products and services, and are likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1114.

46.     Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception.

47.     Defendants' acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

## COUNT II

## VICARIOUS OR CONTRIBUTORY TRADEMARK INFRINGEMENT AGAINST REDBUBBLE UNDER THE LANHAM ACT AND FEDERAL COMMON LAW

48.     Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 47 inclusive.

49.     John Does 1-12 are engaging in illegal conduct including but not necessarily limited to the creation and distribution of the Infringing Products in violation of the Lanham Act, as noted above.

50.     Redbubble has actual knowledge of John Does 1-12's illegal activities because Redbubble instructs John Does 1-12 to create and distribute the Infringing Products.

51.     Redbubble has actual knowledge of the illegal activities also because it created and maintains the platform and website through which users can upload infringing images and customers can order the Infringing Products without regard to Plaintiff's rights.

52.     Redbubble has caused, materially encouraged, enabled, and contributed to the

creation and distribution of the Infringing Products by providing the platform for image uploading, enabling orders and payment, and instructing the manufacture and distribution of the Infringing Products.

53.    Redbubble therefore bears contributory and/or vicarious liability for the Infringing Products created and distributed in violation of Plaintiff's trademark rights.

54.    Redbubble's acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

## COUNT III

## <u>COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. § 1116(d)(1)(B)</u>

55.    Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 54 inclusive.

56.    Certain of Defendants' unauthorized acts complained of herein constitute counterfeiting of certain of Plaintiff's registered trademarks, within the meaning of 15 U.S.C. § 1114(1)(b) and § 1116(d)(1)(B).

57.    Defendants have reproduced, counterfeited, copied, and/or colorably imitated Plaintiff's registered marks and have applied such practices to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of products on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive.

58.    Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, deception, and other damage.  Redbubble's willful and intentional wrongful conduct is manifest by the fact that Redbubble has continued to promote, sell,

13

manufacture and distribute infringing and counterfeit products after receiving Plaintiff's demand letter dated May 11, 2016, to which Redbubble responded on May 19, 2016.

59.    Defendants' acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

**COUNT IV**

**<u>UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)</u>**

60.    Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 59 inclusive.

61.    Plaintiff's unregistered trademarks identified herein are inherently distinctive, or have acquired distinctiveness and secondary meaning.

62.    Defendants' acts complained of herein constitute unfair competition and false designations of origin, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants, or their products, services or commercial activities in violation of Plaintiff's rights, within the meaning of 15 U.S.C. § 1125(a).

63.    Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception, or otherwise competing unfairly with Plaintiff.

64.    Defendants' acts complained of herein jeopardize the goodwill symbolized by the Plaintiff's unregistered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which it has no adequate remedy at law.

**COUNT V**

**DILUTION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(c)**

65.     Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 64 inclusive.

66.     Plaintiff's registered trademark, "VICTORIA'S SECRET," is distinctive and famous, and attained such status prior to Redbubble's acts alleged herein.

67.     Defendants' acts complained of herein are likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiff's registered trademark, "VICTORIA'S SECRET," within the meaning of 15 U.S.C. § 1125(c).

68.     Plaintiff has been damaged and deprived of the full value of its registered trademark, "VICTORIA'S SECRET," as a commercial asset, in an amount to be proven.

**COUNT VI**

**DECEPTIVE TRADE PRACTICES IN VIOLATION OF OHIO REV. CODE § 4165.01 _ET SEQ._**

69.     Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 68 inclusive.

70.     Defendants' unauthorized acts complained of herein constitute unfair competition in violation of Ohio Rev. Code § 4165.01 _et seq_.

71.     Defendants have engaged in deceptive trade practices by the actions described herein because, in the course of Defendants' business, vocation, or occupation, they have done one or more of the following:

a.   Passed off goods as those of another;

b. Caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods;

c. Caused likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

d. Used deceptive representations or designations of geographic origin in connection with goods;

e. Represented that goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that Defendants have a sponsorship, approval, status, affiliation, or connection that Defendants do not have; and/or

f. Disparaged the goods, services, or business of Plaintiff by false representation of fact.

72. Defendants' acts complained of herein were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

73. Defendants' acts complained of herein have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT VII

## TRADEMARK INFRINGEMENT, DILUTION AND UNFAIR COMPETITION IN VIOLATION OF OHIO COMMON LAW

74. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 73 inclusive.

75. Defendants' unauthorized acts complained of herein constitute violations of the

16

common law of Ohio, which prohibits trademark infringement, dilution and unfair competition.

76.      Defendants' acts herein involved the unauthorized use or colorable imitation of Plaintiff's valid trademarks and service marks already appropriated by Plaintiff on or in connection with goods of a similar class.  Defendants have used reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's valid trademarks or service marks, without the consent of Plaintiff, in connection with the sale, offering for sale, or advertising of goods when the use was and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, approval, or certification of the goods or their affiliation, connection, or association with Plaintiff.  Defendants have also disparaged the goods, services, or business of Plaintiff by false representation of fact.

77.      Defendants' acts as described herein also amount to dilution of Plaintiff's famous Marks by Defendants' adoption of the Marks or virtually identical marks after Plaintiff's Marks became famous and Defendants' subsequent dilution of Plaintiff's Marks as described herein.

78.      Defendants have willfully engaged in these acts of trademark infringement, dilution and unfair competition as alleged herein.

79.      Defendants' acts of trademark infringement, dilution and unfair competition have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Redbubble and John Does 1-12 as follows:

A.    For an injunction restraining Redbubble, its officers, agents, licensees, assignees, successors, servants, employees, attorneys and all other persons in active concert or participation with them from:

> (1)    manufacturing, designing, importing, offering, imprinting, selling, or distributing the Infringing Products, or any other product bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto;

> (2)    advertising, displaying, or promoting any product or service by using Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, in any manner; or

> (3)    holding out in any manner whatsoever, that Redbubble, or its products or services, are in any way sponsored by, or associated or affiliated with Plaintiff, or Plaintiff's products or services; or

> (4)    Causing the manufacture, design, import, offering, imprinting, selling, or distributing of the Infringing Products, or any other product bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto.

B.    For an injunction restraining John Does 1-12, their officers, agents, licensees, assignees, successors, servants, employees, attorneys and all other persons in active concert or participation with them from:

> (1)    manufacturing, designing, importing, offering, imprinting, selling, or distributing the Infringing Products, or any other product bearing Plaintiff's

registered trademarks, unregistered trademarks, or any designation confusingly similar thereto;

(2)     advertising, displaying, or promoting any product or service by using Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, in any manner; or

(3)     holding out in any manner whatsoever, that John Does 1-12, or their products or services, are in any way sponsored by, or associated or affiliated with Plaintiff, or Plaintiff's products or services; or

(4)     Causing the manufacture, design, import, offering, imprinting, selling, or distributing of the Infringing Products, or any other product bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto.

C.     That Redbubble and John Does 1-12 be required to promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which they have complied with any injunction issued by the Court, pursuant to 15 U.S.C. § 1116(a).

D.     That Redbubble and John Does 1-12 be directed to deliver up to Plaintiff for destruction the products and all other materials of any nature whatsoever bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, including products, designs, packaging materials, advertising or promotional materials, pursuant to 15 U.S.C. § 1118.

E. That Redbubble and John Does 1-12 be required to make a detailed accounting to Plaintiff with respect to all transactions relating to their unlawful acts alleged herein, including: (1) their gross revenues resulting from such actions; and (2) their total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

F. That Redbubble and John Does 1-12 be directed to pay over to Plaintiff all gains, profits and advantages realized by Redbubble and John Does 1-12 from their unlawful acts alleged herein, pursuant to 15 U.S.C. § 1117.

G. That, if Plaintiff so elects, Redbubble and John Does 1-12 be directed to pay Plaintiff statutory damages in an amount not to exceed Two Million Dollars ($2,000,000) per counterfeit mark per type of goods or services sold, offered for sale, or distributed by them, as the Court considers just, pursuant to 15 U.S.C. § 1117(c)(2).

H. That Redbubble and John Does 1-12 be directed to pay to Plaintiff the costs of this action, reasonable attorney fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law.

I. That Plaintiff have such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted by:

/s/ Keith Shumate

Dated: Columbus, Ohio
July 21, 2016

Keith Shumate  (0056190) (Trial Attorney)
Heather Stutz  (0078111)
Squire Patton Boggs
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
614.365.2700
keith.shumate@squirepb.com
heather.stutz@squirepb.com

Kevin C. Parks (Motion for Admission *Pro Hac Vice* to be filed)
Michelle L. Zimmermann (Motion for Admission *Pro Hac Vice* to be filed)
Stella Brown (Motion for Admission *Pro Hac Vice* to be filed)
Leydig, Voit & Mayer, Ltd.
180 North Stetson
Two Prudential Plaza, Suite 4900
Chicago, Illinois
312.616.5669
kparks@leydig.com

*Attorneys for Plaintiff*
VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.

## VERIFICATION

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the allegations in the foregoing Verified Complaint for Trademark Infringement, Counterfeiting, Unfair Competition, Dilution and Violation of State Statute and Common Law are true and correct to the best of my knowledge.

Executed on July 19, 2016

Joseph Quigley
Vice President, Intellectual Property
Victoria's Secret Stores Brand
    Management, Inc.