# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-cv-00712 |
| | : | |
| v. | : | Judge James L. Graham |
| | : | |
| REDBUBBLE INC., et al., | : | Magistrate Judge Elizabeth |
| | : | Preston Deavers |
| Defendant. | : | |

## REDBUBBLE INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION, OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S CLAIMS UNDER FRCP 12(B)(6)

Pursuant to Fed. R Civ. P. 12(b)(2), Defendant Redbubble Inc. ("Redbubble") respectfully moves the Court to dismiss Plaintiff Victoria's Secret Stores Brand Management, Inc.'s ("Plaintiff's" or "Victoria's Secret's") Complaint for lack of personal jurisdiction.

Alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), Redbubble respectfully asks the Court to dismiss each count of the Complaint for failure to state a claim on which relief can be granted.

This motion is supported by the Memorandum of Law below. The Motion to Dismiss for Lack of Jurisdiction is further supported by the accompanying Declaration of Corina Davis ("Davis Decl."), and the Exhibits attached thereto.

Dated: September 19, 2016

Respectfully submitted,

*s/ John P. Gilligan*
John P. Gilligan (0024542)
TRIAL ATTORNEY
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Email: john.gilligan@icemiller.com

*Counsel for Defendant Redbubble Inc.*


OF COUNSEL:

Mary F. Geswein (0063361)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-5038
Facsimile: (614) 222-3436
Email: mimi.geswein@icemiller.com

Kenneth B. Wilson (*pending admission pro hac vice*)
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, CA 94019
Telephone: (650) 440-4211
Email: ken@coastsidelegal.com

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION & SUMMARY OF ARGUMENT ...........................................................1

FACTUAL BACKGROUND................................................................................................2

    A.    Background of Defendant Redbubble...............................................................2
    B.    Redbubble Lacks The Requisite Contacts With Ohio To Be Subject to Personal Jurisdiction ......................................................................................3
    C.    Redbubble Is Not A Seller of Goods ...............................................................3
    D.    Redbubble's Agreements and Policies Prohibit Users From Selling Infringing Products on Redbubble ..................................................................4
    E.    Victoria's Secret's Claims Lack Merit and Must be Dismissed............................5

ARGUMENT ......................................................................................................................6

I.    ALL CLAIMS AGAINST REDBUBBLE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ......................................................................6

    A.    Redbubble Is Not Subject to General Jurisdiction in Ohio ..................................7
    B.    Redbubble Is Not Subject to Specific Jurisdiction in this Case ............................8

II.    IN THE ALTERNATIVE, EACH OF PLAINTIFF'S CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ...........................12

    A.    First Count for Direct Trademark Infringement. ..................................................12
    B.    Second Count for Secondary Trademark Infringement ......................................14

        1.    Vicarious Infringement..........................................................................14
        2.    Contributory Infringement ....................................................................15

    C.    Third Count for Counterfeiting..........................................................................16
    D.    Fourth Count for Lanham Act Unfair Competition ............................................17
    E.    Fifth Count for Federal Trademark Dilution......................................................18
    F.    Sixth and Seventh Counts for State Law Claims................................................19

CONCLUSION...................................................................................................................21

CERTIFICATE OF SERVICE............................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*513 Ventures, LLC v. PIV Enters.*, No. 1:11-cv-573, 2012 U.S. Dist. LEXIS 39775 (S.D. Ohio Mar. 23, 2012)...............................................................................................8

*Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619 n. 2 (6th Cir.2002)........................................................................................................21

*Almeida v. Amazon.com, Inc.*, 456 F.3d 1316 (11th Cir. 2006) ...................................20

*American Automobile Association, Inc. v. Advanced American Auto Warranty Services, Inc.*, No. 09–CV–12351, 2009 WL 3837234 (E.D. Mich. Nov. 16, 2009).............12

*American Family Life Ins. Co. v. Hagan*, 266 F. Supp. 2d 682 (N.D. Ohio 2002) .....19

*Ashcroft v. Iqbal*, 556 U.S., 662, (2009) ....................................................................12

*AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, (6th Cir. 2004) ....................................18

*Bally Total Fitness Holding Corp. v. Faber*, 29 F. Supp. 2d 1161 (C.D. Cal. 1998)..................19

*Batzel v. Smith*, 333 F.3d 1018, 1037 (9th Cir. 2003)..................................................20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................12

*Best v. AT&T Mobility, LLC*, 2015 U.S. Dist. LEXIS 30866 (S.D. Ohio March 10, 2015) .........17

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002) ............................................................7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ...............................................11

*Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675 (6th Cir. 2005)...............................7, 8

*Calphalon Corp. v. Rowlett*, 228 F.3d 718 (6th Cir. 2000).........................................11

*Carafano v. Metrosplash, Inc.*, 339 F.3d 1119 (9th Cir. 2001)...................................21

*Car-Freshner Corp. v. Getty Images, Inc.*, 822 F. Supp. 2d 167 (N.D.N.Y. 2011) ....................15

*Citizens Bank v. Parnes,* 376 F. App'x 496 (6th Cir. 2010).........................................7

*Coach, Inc. v. Goodfellow*, 717 F.3d 498, (6th Cir. 2013)..........................................15

*Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 692 F.3d 469 (6th Cir. 2012)...................................................................................................9, 10

*Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012)..................................................6

ii

*Council on American-Islamic Relations Action Network, Inc. v. Schlussel*, No. 11–10061, 2011 WL 3563290 (E.D. Mich. August 11, 2011) ...............................................................18

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)......................................................................7

*Dolce & Gabbana Trademarks S.R.L. v. Txt Enters.*, No. 1:14-cv-00855, 2016 U.S. Dist. LEXIS 30262, at *4 (S.D. Ohio Mar. 9, 2016)......................................................................7

*Elcometer, Inc. v. TQC-USA, Inc.,* 2014 U.S. Dist. LEXIS 38941 (E.D. Mich. March 25, 2014).......................................................................................................................................14

*ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d 915 (6th Cir.2003)..................................21

*Foreign Candy Co., Inc. v. Tropical Paradise, Inc.*, 950 F. Supp. 2d 1017 (N.D. Iowa 2013)......................................................................................................................................10

*Free Kick Master LLC v. Apple Inc.*, No. 15-cv-03403-PJH, 2015 WL 6123058 (N.D. Cal. Oct. 19, 2015) ........................................................................................................20, 21

*GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457 (S.D.N.Y. 2011).................13

*Hendrickson v. Amazon.com, Inc.*, 298 F. Supp. 2d 914 (C.D. Cal. 2003)....................13

*Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, (6th Cir.2009) ........................................12

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982) ..................15

*Ledford v. Newmark*, No. 1:15 CV 1053, 2015 WL 4603821(N.D. Ohio July 30, 2015) .............8

*Martin v. Insight Commc'ns Co., LP*, No. 2:10-cv-537, 2011 U.S. Dist. LEXIS 3260118 (S.D. Ohio Mar. 28, 2011)...................................................................................................17

*Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002) ..................................19

*Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012) .....................................9

*Milo & Gabby, LLC v. Amazon.com, Inc.*, 2015 WL 4394673 (W.D. Wash. July 16, 2015)....................................................................................................................................13

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) ......................9

*Perfect 10, Inc. v. Ccbill LLC*, 488 F.3d 1102 (9th Cir. 2007)........................................20

*Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir. 1968).......11

Thomas Pink Ltd v Victoria's Secret UK Ltd [2014 EWHC 2631 .....................................5

*Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (3rd Cir. 2010) ...................................................15

CO\5395163.2

*Too, Inc. v. TJX Cos.*, 229 F. Supp. 2d 825 (S.D. Ohio 2002) ....................................................16

*Tovey v. Nike, Inc.*, 2012 U.S. Dist. LEXIS 185715 (N.D. Ohio July 3, 2012) ...........................15

*Tovey v. Nike, Inc.*, 2013 U.S. Dist. LEXIS 16084 (N.D. Ohio February 6, 2013)......................14

*Tre Milano, LLC v. Amazon.com, Inc.*, No. B234753, 2012 WL 3594380 (Cal. App. 2012).......................................................................................................................................13

*Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 724, n. 8 (S.D. Ohio 2002)........................................................................................................................................21

*Walden v. Fiore* 134 S. Ct. 1115, 1234 (2014)...........................................................................8

*Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997) .............................................20

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) ..............................9

*Zoya v. Nios*, 2013 WL 4511922 (S.D. Ohio 2013) ..................................................................11

**Statutes**

Ohio Revised Code § 2307.382 .....................................................................................................6

CO\5395163.2

## INTRODUCTION & SUMMARY OF ARGUMENT

Defendant Redbubble Inc. ("Redbubble") hosts an online marketplace that allows third-parties to sell wearable, useable, and decorative products to consumers worldwide. Plaintiff Victoria's Secret Stores Brand Management, Inc. ("Plaintiff") alleges that Redbubble has sold such products in violation of Plaintiff's trademarks. There is, however, no basis to assert personal jurisdiction over Redbubble, because Redbubble does not in fact sell the products listed on Redbubble.com and does not otherwise engage in conduct that would subject it to personal jurisdiction in this state. Even if there were jurisdiction, each of Plaintiff's claims must be dismissed as a matter of law for failure to state a claim on which relief may be granted.

More specifically, Redbubble is not subject to general jurisdiction in Ohio because it has no physical presence or business activities in this state. Nor has Plaintiff alleged that any of Redbubble's purported wrongdoing took place in Ohio; its sole allegation regarding jurisdiction is the conclusory assertion that Redbubble "is transacting business in the State of Ohio and in this judicial district." [Doc. #1, at ¶3] Indeed, Redbubble's only material contact with Ohio is the hosting of a globally accessible website that facilitates the sale of products to anyone with an Internet connection. Such activities are legally insufficient to establish personal jurisdiction.

Assuming *arguendo* that the Court has jurisdiction, the Court should still dismiss each Count for failure to state a claim. Plaintiff's Complaint fails to satisfy the *Iqbal* and *Twombly* notice pleading requirements. Indeed, Plaintiff's Counts fail even to specify the marks at issue or the purportedly infringing products, nor has Plaintiff pled facts showing that Redbubble has sold infringing products or engaged in other conduct that could subject it to liability. In addition, the vicarious liability theory Plaintiff pled as part of Count II is not recognized in this Circuit and was not adequately pled in any event, and Plaintiff did not allege that Redbubble had knowledge of specific infringing conduct, a required element of Plaintiff's alternative contributory

infringement theory. On Count III (Counterfeiting), Plaintiff failed to sufficiently allege that Redbubble "intentionally used" Plaintiff's marks "knowing" they were "counterfeit." For Count V (trademark dilution), Plaintiff's claim is barred by a statutory exception protecting free speech, and because the accused products are not "nearly identical or very similar." Finally, the state law claims of Counts VI and VII are barred by Section 230 of the Communications Decency Act, which provides immunity against such claims for online service providers like Redbubble.

**FACTUAL BACKGROUND**

**A.    Background of Defendant Redbubble**

Redbubble is a Delaware corporation with its sole office in California. [Davis Decl., ¶ 2] Like eBay and the Amazon Marketplace, Redbubble hosts an Internet marketplace platform (located at www.redbubble.com) where independent third-party artists can upload and sell their creative works to consumers around the world ("Sellers").  These third-party Sellers can elect to have their works imprinted and sold on various types of products (t-shirts, mugs, etc.). Redbubble's platform also connects those Sellers with third-party fulfillers who manufacture the Sellers' products or who deliver those products to customers. [*Id.*, ¶ 3]

Redbubble does not design or upload works to Redbubble.com; it does not review or approve content offered for sale by Sellers prior to upload; it does not manufacture or deliver products bearing those creative works; and it does not sell products via Redbubble.com.  In fact, from the time a Seller initiates the upload process to the point such work is offered for sale, the process is entirely Seller directed (as described below) and automated by the Redbubble platform software with no active involvement by Redbubble personnel. When a consumer makes a purchase, the routing of orders to third-party fulfillers is also automated. [*Id.*, ¶ 4]

There are more than 10,000,000 creative works currently offered for sale by third-party Sellers on the Redbubble marketplace. [*Id.*, ¶ 5]

**B.     Redbubble Lacks The Requisite Contacts With Ohio To Be Subject to Personal Jurisdiction**

Redbubble does not have any physical presence or business operations in Ohio. It has never owned or operated any offices, facilities, telephone listings, mailing addresses, bank accounts, or other personal or real property in Ohio. No officers, directors, or employees work or reside in Ohio, and no meetings of its boards of directors or shareholders have been held in Ohio. It does not have a registered agent for service of process in Ohio. [*Id.*, ¶ 6]

Redbubble uses third-party owned and operated IT facilities and data centers in Florida and Virginia to host the online platform. [*Id.*, ¶ 7] Redbubble also uses outsourced third-party contractors to perform various functions, none of whom are located in Ohio. [*Id.*, ¶ 8]

Redbubble neither engages in any advertising activities specifically directed toward residents of Ohio, nor advertises in publications directed primarily to them. [*Id.*, ¶ 9]

**C.     Redbubble Is Not A Seller of Goods**

Before a third-party artist can upload and sell creative works on Redbubble, he or she must become a registered user of the Redbubble website. [*Id.*, ¶ 10] All registered users are required to comply with the Redbubble User Agreement and various published policies that specify that Sellers using the marketplace must possess the applicable rights to upload and sell their works on the marketplace; that the Sellers, not Redbubble, are ultimately responsible for such content; and that the Sellers, not Redbubble, are the sellers of the works. [*Id.*, ¶ 11]

A third-party Seller uploading a creative work to sell through the Redbubble marketplace has control over the work and must specify the physical product type(s) to which the work may be applied, set the price, and input a title and text for one or more keyword "tags" so that other users of the website may search the marketplace for the creative work. The search results are based on these keyword tags and title, which are created solely by the uploading Seller. [*Id.*, ¶12]

Once a third-party Seller uploads a work, the work is automatically displayed for sale on Redbubble.com. Redbubble is not currently technically capable of screening works before they are uploaded. Given the high volume of works uploaded to the marketplace, pre-upload screening of all listings would also be logistically impractical, as between 10,000 and 30,000 works may be uploaded to the Redbubble marketplace daily. [*Id.*, ¶ 13]

When a consumer places an order, the Redbubble platform software automatically routes the order to a third-party fulfiller, which manufactures the product. A third-party shipper then delivers the product directly to the consumer. Redbubble keeps no inventory of products for sale on the marketplace, and no such product ever passes through any facilities owned or operated by Redbubble. [*Id.*, ¶ 14]

Each time a consumer purchases a product from a Seller through the platform, Redbubble collects the total purchase price on behalf of the Seller and the platform automatically remits the sale proceeds to the Seller, less fees payable to third-party manufacturers and delivery services, and Redbubble's service fee. [*Id.*, ¶ 15]

### D. Redbubble's Agreements and Policies Prohibit Users From Selling Infringing Products on Redbubble

Each registered user agrees to comply with the Redbubble User Agreement and various policies which reinforce that "Redbubble is a community built on respect and recognition of artists," and that "besides being counter to all that Redbubble stands for, stealing other people's work and passing it off as your own is against the law." [*Id.*, ¶ 16, Exh. A] Sellers must confirm that they own or have all rights to use any uploaded content and that the content "will not infringe the intellectual property rights or any other rights of any person or entity. . . ." [*Id.*] Sellers are also advised that Redbubble will promptly remove infringing listings, and "disable and/or terminate the accounts of users who repeatedly infringe or are repeatedly charged with

infringing the . . . rights of others." [*Id.*, ¶¶ 16-19, Exhs. A-D]

Redbubble diligently enforces these policies by promptly removing identified listings upon receiving a notice of alleged infringement, and disabling and/or terminating user accounts when appropriate. In certain situations and with the cooperation of complaining content owners, Redbubble also proactively polices Sellers' listings for potentially infringing works. [*Id.*, ¶ 20]

### E.    Victoria's Secret's Claims Lack Merit and Must be Dismissed

Plaintiff alleges that it owns a trademark for the phrase "Victoria's Secret" (the "Victoria's Secret Marks") and certain variations thereof, as well as various marks including the word "Pink" (the "Pink Marks") (collectively referred to as "Plaintiff's Marks"). [Complaint ¶¶ 9-11] Plaintiff owns federal trademark registrations and applications in the United States for certain of the Victoria's Secret Marks and Pink Marks. [*Id.* ¶ 21] However, Plaintiff does not and cannot allege that it owns broad and exclusive worldwide rights to the "Pink" marks.[1]

On May 11, 2016, Plaintiff's outside counsel sent a letter to Redbubble's San Francisco office demanding that Redbubble "permanently remove and block our client's trademarks from the Redbubble website" and "[b]lock all VS trademarks from returning search results on the Site." [Complaint ¶ 39; Davis Decl., ¶ 21, Exh. E] Plaintiff attached images of what it referred to as "[a] partial sample of the infringing products currently offered on" Redbubble.com, which apparently consisted of all 45 listings on Redbubble.com that Sellers had tagged with the words "Victoria's" and "Secret." These listings included a few images of cats, photographs of buildings, and several other listings that could not plausibly be described as infringing. Plaintiff provided no further guidance on what Plaintiff thought was infringing. *Id.*

---

[1] For example, in Thomas Pink Ltd v Victoria's Secret UK Ltd [2014 EWHC 2631 (Ch)], the UK High Court of Justice found Plaintiff's use of its Pink marks infringed the "Pink" trademark(s) of Thomas Pink Ltd in the UK. Other registrants of the word "Pink" as a trademark in the U.S. include Luster Products, Inc. (a hair care company), pop singer Pink, and a breast cancer charity.

Upon receiving this letter, Redbubble promptly removed the allegedly infringing listings, and notified Plaintiff of this fact in a letter dated May 19, 2016. Redbubble advised that it "does not create, sell, manufacture or distribute any of the products associated with the designs hosted on the marketplace," but that Redbubble "respects the intellectual property rights of content owners, and has no interest in hosting infringing material." Redbubble asked Plaintiff to identify other specific designs it felt were infringing, and provided the Sellers' names and earnings for the works Plaintiff identified. Finally, Redbubble offered to have a call with Plaintiff to discuss any other concerns. [Davis Decl., ¶ 22, Exh. F] Plaintiff ignored this correspondence, and two months later without any further communication, Plaintiff filed its Complaint. [*Id.*, ¶ 23]

The Complaint does not allege that any Sellers of allegedly infringing products are located in Ohio. And other than products sold to Plaintiff or its counsel, only two allegedly infringing products were shipped to Ohio, with a total sales price of under $3.00. [*Id.*, ¶ 24]

## ARGUMENT

## I. ALL CLAIMS AGAINST REDBUBBLE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Plaintiff "bears the burden of establishing through 'specific facts' that personal jurisdiction exists over the non-resident defendant," and must make this demonstration by a preponderance of the evidence. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed. Appx. 518, 521 (6th Cir. 2006).

Before subjecting a defendant to personal jurisdiction, the Court must determine whether the Ohio long-arm statute, O.R.C. § 2307.382, permits the exercise of jurisdiction. If the long-arm statute is satisfied, the Court then considers whether exercising personal jurisdiction

comports with the limits of constitutional due process. *Citizens Bank v. Parnes,* 376 F. App'x 496, 499 (6th Cir. 2010). Since exercising personal jurisdiction over Redbubble clearly exceeds the limits of constitutional due process, Redbubble need not address Ohio's long-arm statute.

### A. Redbubble Is Not Subject to General Jurisdiction in Ohio

"General jurisdiction is proper only where 'a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Dolce & Gabbana Trademarks S.R.L. v. Txt Enters.*, No. 1:14-cv-00855, 2016 U.S. Dist. LEXIS 30262, at \*4 (S.D. Ohio Mar. 9, 2016). Redbubble does not have any such contacts with Ohio. Redbubble is not incorporated in Ohio; it does not own or operate any offices, facilities, phone listings, mailing addresses, bank accounts, or other personal or real property in Ohio; it does not have officers, directors, or employees in Ohio; it has not held board of directors or shareholders meetings in Ohio; and it has not directed advertising specifically to Ohio residents. Put simply, Redbubble is not "at home" in Ohio. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

The only material contact that Redbubble has with Ohio is the operation of a website that enables third-party Sellers to advertise and sell products to anyone with an Internet connection worldwide, including Ohio. But that is not nearly enough; the operation of "a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction," even if that website sells products to thousands of Ohioans annually. *Bird v. Parsons*, 289 F.3d 865, 873-74 (6th Cir. 2002) (declining general jurisdiction over a website selling domain names to nearly 5,000 Ohioans a year, as such conduct "fails to establish that [defendant] has a 'continuous and systematic' presence in Ohio"); *Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 677 (6th Cir. 2005) ("[T]he operation of 'a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction,' even where the website enables the defendant to do business with

residents of the forum state, because such activity does not 'approximate[] physical presence within the state's borders.'") (quoting *Bird*, 289 F.3d at 874).

So it is here: Redbubble cannot be subject to general jurisdiction based on its operation of a website that allows third-party Sellers to sell products worldwide, including to Ohio residents. *See Ledford v. Newmark*, No. 1:15 CV 1053, 2015 WL 4603821(N.D. Ohio July 30, 2015) (dismissing claim against online marketplace Craigslist, finding that "[t]he only connection between Craigslist.org and Ohio is the maintenance of a website that permits individuals to buy, sell, and advertise over the internet," and further holding that "[m]aintaining a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction").

**B.     Redbubble Is Not Subject to Specific Jurisdiction in this Case**

Since Plaintiff cannot establish general jurisdiction, it may only maintain its suit in this Court if it can establish that specific personal jurisdiction over Redbubble exists in Ohio. "Specific jurisdiction subjects a defendant to jurisdiction for claims that arise from or relate to the defendant's specific contacts with the state." *513 Ventures, LLC v. PIV Enters.*, No. 1:11-cv-573, 2012 U.S. Dist. LEXIS 39775, at *5 (S.D. Ohio Mar. 23, 2012); *Cadle*, 123 Fed. Appx. at 677 ("the cause of action must arise from the defendant's activities there[.]").  As the U.S. Supreme Court explained in *Walden v. Fiore*: "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." 134 S. Ct. 1115, 1234 (2014)  (refusing to find personal jurisdiction because none of the alleged conduct occurred in and none of defendant's actions connected him to the forum state.)

In evaluating a claim of specific jurisdiction, the Court must apply a three step minimum contact analysis. "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second the cause of action must

arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012).

Plaintiff cannot satisfy any of these steps, let alone all three.

1.    Purposeful Availment Requirement.

Redbubble has not engaged in any conduct that could be deemed purposefully availing itself of the privilege of acting or causing a consequence in Ohio. "The purposeful availment requirement ensures that the defendant's actions create a "substantial connection" to the forum state, such that the defendant "should reasonably anticipate being haled into court there." *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, 692 F.3d 469, 472-73 (6th Cir. 2012) (citations omitted). The purpose of this requirement is to protect a defendant "from being haled into court solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (citations omitted).

With respect to Internet-based contacts, this Circuit has held that "[a] defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). However, since the due process inquiry requires that "the **defendant** must purposefully avail" itself of the benefits of the subject jurisdiction, the required degree of website interactivity must be between residents of the state and ***the defendant***. Thus, purposeful availment has been found lacking where a defendant merely hosted a Website that provided a link to a third-party vendor's website where the

defendant's products could be purchased by residents of the forum state. *Foreign Candy Co., Inc. v. Tropical Paradise, Inc.*, 950 F. Supp. 2d 1017 (N.D. Iowa 2013).

Redbubble's conduct toward Ohio is even less purposeful than the conduct found wanting in *Foreign Candy*, because Redbubble does not sell products, infringing or otherwise, that can be purchased by Ohio residents. It does not direct advertising activities to Ohio residents. It does not manufacture products in or for delivery to Ohio. And it does not ship products to Ohio. To the extent an Ohio resident purchases a product from a Seller via Redbubble.com, that interaction involves unilateral activity by someone other than Redbubble. Such fortuitous unilateral activity cannot as a matter of law serve to establish personal jurisdiction. *See Community Trust, supra.*

2.      "Arise from" Requirement.

Plaintiff must also show that its claims "arise from" Redbubble's activities in Ohio. "Even if a defendant purposefully avails himself of the benefits of doing business in a forum, the exercise of specific jurisdiction only complies with due process if the cause of action … ha[s] a substantial connection with the defendant's in-state activities." *Community Trust*, 692 F.3d at 472-73 ("no substantial connection" between residents using defendant's website and plaintiff's trademark claim; such activity "is, at best, tangentially related to the allegation that the Defendants' use of the Plaintiff's trademark is confusing").

Plaintiff's claims do not arise out of Redbubble's Ohio activities because, as mentioned above, there are no such activities. Plaintiff's Complaint highlights the lack of connection between Redbubble's conduct and Ohio. Plaintiff complains that Redbubble "displays" the accused products; that it "processes the transaction" and "fulfills the order by causing the Infringing Design" to be imprinted and shipped to customers; that it controls the financial aspects of sales; and that it allows Sellers to input Plaintiff's marks as tags. [Complaint ¶¶ 22, 26-28, 33-

35] But each of these "activities" are performed automatically by the Redbubble platform software without intervention by Redbubble personnel, on servers outside Ohio, based on programming done by Redbubble employees outside Ohio. [Davis Decl., ¶¶ 6-15]

Thus, Plaintiff also cannot satisfy the second element of the specific jurisdiction test. *See also Calphalon Corp. v. Rowlett*, 228 F.3d 718, 724 (6th Cir. 2000) ("Calphalon cannot show that Rowlette had a substantial connection to the state. Therefore, the cause of action does not arise from Rowlette's contact with Ohio, nor do the consequences of its acts have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable").

3.      Reasonableness Requirement.

Finally, Plaintiff must also show that "the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985) ("minimum requirements inherent in the concept of fair play and substantial justice may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities").

Here, to the extent the purchase of products from third-party Sellers on Redbubble.com could be deemed purposeful availment by Redbubble, there were only two purchases by Ohio residents not affiliated with Plaintiff, totaling less than $3.00. Given these facts, along with Redbubble's lack of direct involvement in these transactions, the exercise of jurisdiction over Redbubble would not comport with due process. *See Zoya v. Nios*, 2013 WL 4511922 (S.D. Ohio 2013) (exercise of personal jurisdiction over trademark defendant would be unreasonable based on several factors, including minimal amount of sales).

## II. ALTERNATIVELY, EACH OF PLAINTIFF'S CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Even if the Court concludes it has jurisdiction over Redbubble, it should dismiss each of Plaintiff's causes of action for failure to state a claim. A complaint will not survive a motion to dismiss on the basis of conclusory statements, or where the clam lacks facial plausibility. *Ashcroft v. Iqbal*, 556 U.S., 662, 678-79 (2009). A plaintiff has the burden of showing more than the mere possibility that the defendant acted unlawfully, and must plead facts that are beyond being "merely consistent with" liability. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must allege facts, not merely "labels and conclusions," or "a formulaic recitation of the elements of a cause of action[.]" *Id.*

None of Plaintiff's causes of action satisfy this level of specificity, nor state all of the elements of the cause of action. While Plaintiff's Complaint identifies marks that it claims to own, for all but one claim Plaintiff fails to identify even which marks are at issue, and it fails to identify the accused products for any of its claims. The pleading requirements of the Federal Rules of Civil Procedure, as amplified by the *Iqbal* and *Twombly* cases, clearly require a Plaintiff to provide at least this basic information. *See, e.g., American Automobile Assn., Inc. v. Advanced American Auto Warranty Services, Inc.*, No. 09–CV–12351, 2009 WL 3837234 (E.D. Mich. Nov. 16, 2009) ("As Defendant correctly points out, each cause of action asserted by Plaintiff in this case requires an allegation that a particular mark has been infringed"). However, most claims have more fundamental deficiencies that warrant their dismissal with prejudice.

### A. First Count for Direct Trademark Infringement.

For a claim of direct trademark infringement, Plaintiff must plead and prove "(1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009).

Plaintiff's Complaint establishes that Redbubble does not "sell" the infringing products or otherwise use Plaintiff's marks in commerce. Courts have consistently held that intermediaries or online marketplaces like Redbubble are not deemed "sellers" for purposes of trademark law. *See, e.g., Milo & Gabby, LLC v. Amazon.com, Inc.*, 2015 WL 4394673 (W.D. Wash. July 16, 2015) (Amazon.com is not liable for trademark infringement based on sale of products listed by third parties on its site, even though Amazon stored and shipped certain products, noting that Amazon merely "enables third-party vendors to sell and distribute a variety of products to the public," that the third-party sellers uploaded descriptions of the products being sold, and represented that they held the rights for the products); *Hendrickson v. Amazon.com, Inc.*, 298 F. Supp. 2d 914 (C.D. Cal. 2003) (Amazon was not a seller of products sold on its marketplace, even though the Amazon website documented the transactions, and Amazon collected the money and distributed it to third-party sellers); *Tre Milano, LLC v. Amazon.com, Inc.*, No. B234753, 2012 WL 3594380 (Cal. App. 2012) (Amazon was not a seller per the Lanham Act emphasizing that Amazon had no allegedly infringing products in inventory); *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457 (S.D.N.Y. 2011) (while the definition of a "seller" in the trademark context is not clear, "in other contexts a transactional intermediary is not treated as a seller," and "[w]hen parties act as intermediaries for a transaction . . . , no sale between them has occurred").

Like the Amazon Marketplace sellers, third-party Sellers on Redbubble.com "upload images" to the marketplace themselves, without Redbubble's involvement, and [c]ustomers can then purchase items bearing the uploaded designs through Redbubble's site." [Complaint ¶ 23] Like Amazon, Redbubble "processes the transaction." [*Id.*, ¶ 26] Similar to Amazon, "[p]ortions of the sales proceeds are kept by Redbubble, and portions of the sales proceeds are directed to users who upload designs, and to [others] as compensation for their assistance in manufacturing

and shipping products." [*Id.*, ¶ 27] And while the Complaint is silent as to whether Redbubble maintains an inventory of product, by alleging that Redbubble is a "print on demand service" where third-parties manufacture and ship the products, Plaintiff implicitly acknowledges that Redbubble does not maintain such inventory. [*Id.*, ¶¶ 25-27] Indeed, Plaintiff's claim that Redbubble "sold" allegedly infringing products or otherwise used Plaintiff's marks is even weaker than the arguments rejected in the Amazon cases, because unlike Amazon, Redbubble doesn't store or ship the third-party seller's products, as admitted in the Complaint.[2]

Because Plaintiff's own pleading establishes that its claim for direct infringement fails, Plaintiff's First Count should be dismissed with prejudice.

### B.     Second Count for Secondary Trademark Infringement

It is unclear whether Count II is for vicarious trademark infringement, or for the separate claim for contributory trademark infringement, or for both, but there are serious deficiencies with each of these theories that warrant dismissal of this Count with prejudice.

#### 1.     Vicarious Infringement

The Sixth Circuit does not recognize claims for vicarious trademark infringement. *Tovey v. Nike, Inc.*, 2013 U.S. Dist. LEXIS 16084 (N.D. Ohio February 6, 2013) ("Tovey II") (citations omitted) ("vicarious trademark liability is a cause of action . . . not yet recognized in the Sixth Circuit"); *Elcometer, Inc. v. TQC-USA, Inc.,* 2014 U.S. Dist. LEXIS 38941 (E.D. Mich. March 25, 2014). Since Plaintiff cannot replead a non-existent count, its claim for vicarious trademark

---

[2] Although Plaintiff alleges in conclusory fashion that Redbubble has "promoted and sold" or "manufacture[d]" infringing products, these conclusory allegations may be disregarded, since they run afoul of *Iqbal* and *Twombly*, and are contradicted by more specific factual allegations elsewhere in Plaintiff's Complaint. *See Hensley,* 579 F.3d 603 at 611 ("a conclusory and formulaic recitation of the elements of a trademark infringement cause of action is insufficient to survive a motion to dismiss," particularly where more specific statements in the pleading contradict the conclusory recitations).

infringement must be dismissed with prejudice. *See Tovey, supra* ("Because this claim is not recognized in this Circuit, amending would be futile").

Moreover, even if this Circuit recognized a claim for vicarious trademark infringement, Plaintiff failed to plead the elements of such a claim. A plaintiff alleging vicarious infringement must set forth specific facts showing "that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Tovey v. Nike, Inc.*, 2012 U.S. Dist. LEXIS 185715 (N.D. Ohio July 3, 2012) ("Tovey I") (citing *Car-Freshner Corp. v. Getty Images, Inc.*, 822 F. Supp. 2d 167, 180 (N.D.N.Y. 2011). There are no allegations in the Complaint that even purport to satisfy this element. [*See* Complaint Paragraph 48-53]

        2.     Contributory Infringement

Plaintiff's contributory trademark infringement claim is fatally flawed because Plaintiff fails to allege the knowledge element of this claim. Since the Supreme Court first recognized a contributory trademark infringement claim in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1982), liability has only been imposed on parties who "facilitate" direct infringement where the secondary infringer knew or had reason to know of the direct infringement. *See Coach, Inc. v. Goodfellow*, 717 F.3d 498, 503 (6th Cir. 2013) (finding contributory infringement where flea market operator continued to rent spaces at his flea market to known infringers); *Tiffany Inc. v. eBay Inc.*, 600 F.3d 93 (3rd Cir. 2010) (no contributory infringement liability where upon receiving notice of infringing listings, "those sellers' listings were removed and repeat infringers were suspended from the eBay site").

Plaintiff has not alleged the type of knowledge required by *Inwood*, *Coach* and *Tiffany*. Rather, Plaintiff alleges at Paragraph 50 of the Complaint that Redbubble has knowledge "because Redbubble instructs John Does 1-12 to create and distribute the Infringing Products,"

15

without alleging that Redbubble has any knowledge that such products are infringing. Similarly, Plaintiff alleges at Paragraph 51 that Redbubble has knowledge "because it created and maintains the platform and website through which users can upload infringing images and customers can order the Infringing Products without regard to Plaintiff's rights." This type of "generalized knowledge" is insufficient to establish infringement; indeed, this is precisely the argument that the Third Circuit rejected in *eBay, supra*. As the Court there noted, "[f]or contributory trademark infringement liability to lie, a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary.") 600 F.3d at 107-08. Since Plaintiff has not alleged and cannot allege that Redbubble failed to promptly remove allegedly infringing listings upon receipt of Plaintiff's demand letter, the contributory infringement claim should also be dismissed with prejudice.

### C. Third Count for Counterfeiting

A Lanham Act counterfeiting claim is a narrow claim that exceeds the requirements for an ordinary trademark infringement claim, and requires a plaintiff to plead and prove that a defendant (1) sold products with a "counterfeit" of the Mark (i.e., "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark"), and (2) "intentionally used the [M]ark knowing it was a counterfeit." " *Too, Inc. v. TJX Cos.*, 229 F. Supp. 2d 825, 837 (S.D. Ohio 2002). Plaintiff has not plead ***facts*** to support either of these elements[3]

Focusing on the intent element, Plaintiff alleges no facts to conclude that Redbubble "intentionally used" a counterfeit of the Mark while "knowing it was a counterfeit." *Too*, 229 F.

---

[3] For example, Paragraph 56 of Plaintiff's Counterfeiting claim states merely that "[c]ertain of Defendants' unauthorized acts complained of herein constitute counterfeiting of certain of Plaintiff's registered trademarks. . . ." This vague allegation gives Redbubble no real notice of what the counterfeiting claim covers, and warrants an Order dismissing this claim.

Supp. 2d at 837. The Complaint merely states that "Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, deception, and other damage," and that wrongful intent "is manifest by the fact that Redbubble has continued to promote, sell, manufacture and distribute infringing and counterfeit products after receiving Plaintiff's demand letter dated May 11, 2016 . . . ." [Complaint, ¶ 58]. However, Plaintiff does not offer a single *factual* allegation in support of this assertion. Plaintiff has not alleged that Redbubble continued to promote, sell or distribute the products identified in its May 11, 2016 letter, nor could it, since all such listings were promptly removed.

Thus, dismissal of this claim is warranted, since Plaintiff has not alleged facts that would satisfy the pleading standards for alleging willful intent. *See Martin v. Insight Commc'ns Co., LP*, No. 2:10-cv-537, 2011 U.S. Dist. LEXIS 32601, at *16-18 (S.D. Ohio Mar. 28, 2011) (Watson, J.) (citation omitted) (dismissing malicious prosecution claim where "other than Plaintiff's bare assertions . . . she provides absolutely no factual support for the notion that these Defendants knowingly provided false information").

### D.     Fourth Count for Lanham Act Unfair Competition

Plaintiff's Fourth Cause of Action for unfair competition under the Lanham Act fails to identify which of "Plaintiff's unregistered trademarks identified herein" are at issue. Moreover, similar to other claims, Plaintiff has not alleged any affirmative conduct by Redbubble that would violate Section 1125(a), which only imposes liability on a person who personally "uses in commerce" a confusing mark. While Plaintiff's allegations regarding Redbubble's conduct may parrot the language of the statute, more specificity is required for this claim to survive the pleading stage. *See Best v. AT&T Mobility, LLC*, 2015 U.S. Dist. LEXIS 30866 (S.D. Ohio March 10, 2015) (dismissing claim based on plaintiff's failure to specify what portion of Lanham Act Section 43(a) it was asserting or the specific conduct on which the claim was based).

### E. Fifth Count for Federal Trademark Dilution

Plaintiff's federal trademark dilution claim must be dismissed with prejudice because the only listings identified in the Complaint as potentially dilutive are not sufficiently similar to Plaintiff's mark to support a claim. "A high degree of similarity, ranging from 'nearly identical' to 'very similar,' is required for a dilution claim to succeed." *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 802 (6th Cir. 2004). Where it is apparent from the Complaint that there is insufficient similarity between the famous mark and the accused mark(s), dismissal with prejudice is warranted. *See, e.g., Council on American-Islamic Relations Action Network, Inc. v. Schlussel*, No. 11–10061, 2011 WL 3563290 (E.D. Mich. August 11, 2011) (dismissing despite defendant's admitted use of trademark "CAIR" because "the content is nonetheless different from plaintiffs' trademark in that it displays a Star of David in place of the 'A' in CAIR and is captioned with 'Council on American-Israel Relations, Michigan' rather than with Plaintiff's name).

Neither of the only two product designs described in the Complaint as potentially dilutive are "nearly identical" or "very similar" to Plaintiff's VICTORIA'S SECRET mark. While Complaint Exhibit E1, a design with an intertwined "VS" mark above the phrase "VICTORIA'S SH*T," shares the first word of Plaintiff's mark, the second word is entirely different. The second mark (Exhibit E2) "features a picture of a child working on a machine above the phrase "VICORIA'S SECRET (FAIR TRADE ~ CHILD LABOR)". [Complaint, ¶37]  Although this design shares the word "secret" with Plaintiff's mark, and the first word "VICORIA'S" is similar to "VICTORIA'S", the additional language at the end of the work, coupled with the artwork, makes this work substantially different from Plaintiff's mark.

Both of these works are also immune from any dilution claim under the "noncommercial use" exception to the dilution statute. A dilution claim cannot be maintained against fair uses, including uses "identifying and parodying, criticizing, or commenting upon the famous mark

owner or the goods or services of the famous mark owner," or "any noncommercial use of a mark." 15 U.S.C. § 1125(c)(3). Courts have held that Congress "used the phrase 'noncommercial use' as a shorthand reference to 'speech protected by the First Amendment.'" *American Family Life Ins. Co. v. Hagan*, 266 F. Supp. 2d 682, 695 (N.D. Ohio 2002); *see also Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 905-07 (9th Cir. 2002) (the non-commercial use exception covers "Barbie Girl" song that commented on and parodied the Barbie image and used the Barbie mark disparagingly: "[i]f speech is not 'purely commercial' – that is, if it does more than propose a commercial transaction – then it is entitled to full First Amendment Protection).

Here, the image of a child working on a machine above the phrase "VICORIA'S SECRET (FAIR TRADE ~ CHILD LABOR)" clearly represents a critique of Victoria's Secret's employment practices, mirroring other public criticisms.[4] The second listing containing the phrase "VICTORIA'S SH*T" likewise comments on Plaintiff, similar to the commentary on "gripe sites," which courts have found to be permissible. *See, e.g., Bally Total Fitness Holding Corp. v. Faber*, 29 F. Supp. 2d 1161 (C.D. Cal. 1998) (defendant's maintenance of "Bally Sucks" web site not actionable under the federal trademark dilution statute based on the noncommercial use exception). Because both of these listings unquestionably do "more than propose a commercial transaction," they cannot support a federal trademark dilution claim.

### F.     Sixth and Seventh Counts for State Law Claims

Redbubble is immune from suit on Plaintiff's state law claims based on Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230, which specifies that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "The

---

[4] *See* http://www.bloomberg.com/news/articles/2011-12-15/victoria-s-secret-revealed-in-child-picking-burkina-faso-cotton

majority of federal circuits have interpreted the CDA to establish broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" *Perfect 10, Inc. v. Ccbill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citing to, among others, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006), and *Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997)).

"[A] defendant is entitled to § 230 protection as long as (1) it is a provider or user of an 'interactive computer service,' (2) the asserted claims 'treat the defendant as a publisher or speaker of information,' and (3) the challenged communication is 'information provided by another content provider.'" *Free Kick Master LLC v. Apple Inc.*, No. 15-cv-03403-PJH, 2015 WL 6123058 (N.D. Cal. Oct. 19, 2015) (quoting *Batzel v. Smith*, 333 F.3d 1018, 1037 (9th Cir. 2003)). Plaintiff's Complaint confirms Redbubble's entitlement to the protections of this statute.

An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). By admitting that the Redbubble platform allows multiple users to "upload images to Redbubble's website," Plaintiff has established that Redbubble meets the first prong of the CDA immunity test. [*See* Complaint ¶ 23]

Plaintiff's state law deceptive trade practices, unfair competition, and trademark claims also treat Redbubble as "a publisher or speaker of information" by asserting that Redbubble "passed off goods as those of another," "represented" various matters, and "disparaged the goods, services, or business of Plaintiff." [Complaint ¶¶ 71, 76] These allegations therefore satisfy the second prong of the Section 230 immunity test. *See Perfect 10, supra* (finding Section 230 covered state law claims of violation of right of publicity, unfair competition, and false and misleading advertising, and noting that state law claims for trademark infringement and dilution

and trade defamation would also be covered).

Finally, the Sixth and Seventh Counts satisfy the third prong for Section 230 immunity, which requires that the challenged communication be "information provided by another content provider." This language has been interpreted to mean that a third-party, such as a user of the service, must upload the challenged material. *See Free Kick Master, supra* (quoting *Carafano v. Metrosplash, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2001) ("So long as a third-party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the editing or selection process"). Plaintiff's Complaint expressly alleges that third-party Sellers "upload images" or "upload designs" to Redbubble.com, and that these images or designs are the subject of Plaintiff's claims. [*See* Complaint ¶¶ 23, 27] Accordingly, the third element for Section 230 immunity is also clearly established by Plaintiff's own pleadings.[5]

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint against Redbubble for lack of personal jurisdiction. In the alternative, the Court should dismiss each of Plaintiff's claims for failure to state a claim.

---

[5] Plaintiff's state law claims necessarily fail for the same reasons as its federal claims. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 626 n. 2 (6th Cir.2002) ("[b]oth Ohio and federal courts have recognized that the same analysis applies to claims under Ohio's statutory and common law of unfair competition and the Lanham Act."); *ETW Corp. v. Jireh Publishing, Inc.*, 332 F.3d 915, 920 (6th Cir.2003) ("trademark claims under Ohio law follow the same analysis as those under the Lanham Act"); *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 724, n. 8 (S.D. Ohio 2002) ("the same analysis applies to [federal] trademark infringement, unfair competition, Ohio common law, and Ohio's deceptive trade practices statutes.").

Dated: September 19, 2016                          Respectfully submitted,

                                                   *s/ John P. Gilligan*
                                                   John P. Gilligan (0024542)
                                                   TRIAL ATTORNEY
                                                   ICE MILLER LLP
                                                   250 West Street
                                                   Columbus, Ohio 43215
                                                   Telephone: (614) 462-2700
                                                   Facsimile: (614) 462-5135
                                                   Email: john.gilligan@icemiller.com

                                                   *Counsel for Defendant Redbubble Inc.*

OF COUNSEL:

Mary F. Geswein (0063361)
ICE MILLER LLP
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-5038
Facsimile: (614) 222-3436
Email: mimi.geswein@icemiller.com

Kenneth B. Wilson (*pending admission pro hac vice*)
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, CA 94019
Telephone: (650) 440-4211
Email: ken@coastsidelegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                                   *s/ John P. Gilligan*
                                                   John P. Gilligan

CO\5395762.1